IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARQUIS D. KINDRICKS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | No. 3:14-CV-2961-L-BK |
| § | | |
| GARLAND POLICE DEPARTMENT, § | | |
| et al. § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On August 18, 2014, Plaintiff filed a *pro se Criminal Complaint* [Doc. 3 at 2] against Defendants Garland Police Department, the Garland Detention Center, D.H. Motterman, J. L. Mohler, and fifty John Does, which was automatically referred to the Magistrate Judge. 28 U.S.C. 636(b) and *Special Order 3*. The undersigned granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.[1]

**I. BACKGROUND**

The *Criminal Complaint* is difficult to decipher. Plaintiff asserts the Defendants are responsible for the following offenses:

> Enslavement, one of the people born of the United States of America. Deprivation of entitlements, violation of the laws of humanity, Trust-pass, Denial of due process, Interfering with the right to contract, Failure to Disclose, DENIAL OF EQUAL PROTECTION OF THE LAW.

[Doc. 1 at 2, emphasis in original]. He also lists seven "charges" stemming from conspiracies to violate his rights (with respect to the above offenses) in June 2013. [Doc. 1 at 4-5]. Plaintiff

---

[1] Contemporaneously with this action, Plaintiff filed a second action which remains pending awaiting screening. *See Kendricks v. Progressive County Mutual Insurance Company*, No. 3:14-cv-02959-L-BH (N.D. Tex. 2014).

seeks damages of $20,000 "from each living soul" and $6,000,000 from the Defendants named in the complaint. [Doc. 1 at 5].

With his complaint, Plaintiff encloses 21 pages of exhibits and attachments, which are for the most part incoherent except for some legalese interspersed throughout the text. It appears that in June 2013, Plaintiff was stopped by a policeman and issued three traffic violations – for failing to wear a seat belt, for driving with an expired registration, and having an invalid driver license. [Doc. 1 at 19]. Ultimately Plaintiff was arrested because he refused to sign the citations claiming he was "under duress" and he did not need a driver's license to drive "if he was traveling." [Doc. 1 at 19].

On August 26, 2014, the undersigned issued a deficiency order, directing Plaintiff to file an amended complaint in compliance with Rule 8(a), of the Federal Rules of Civil Procedure. [Doc. 6]. In response, Plaintiff submitted an 18-page pleading styled *Matter of Public Record*, which the Clerk of the Court filed as an amended complaint. [Doc. 7]. Subsequently, Plaintiff filed a one-page *Motion Petition and Request for Relief*. [Doc. 8]. The amended complaint asserts that "Inalienable rights [were] bestowed upon [Plaintiff] Marquis DeStephanix Familys of Mcintosh and of Kindricks, by God at birth!" [Doc. 7 at 1]. In support of federal question jurisdiction, Plaintiff states as follows:

> Claim to right: The Marquis DeStephanix Kindricks asserts a claim of right to Declaration of Independence, The constitution of The United States of America and Bill of Rights; in the possession of another and seeks to reclaim such property, the possessor is not justified in using force to thwart the dispossession if he knows, believes, or as a reasonable person should believe, that the claimant has a legitimate claim of right to possession of the property in question. Since the use of force to protect property is legitimate only if the act/attempted act of dispossession is unlawful, in such cases of a legitimate claim to property, the act of dispossession is lawful by the power of the court to render a judgment concerning events that have occurred within a well-defined territory. Marquis is by faith and allegiance link to the United States of America and will not use force against Marquis land; The STATE OF TEXAS is now at conflict with the

> Marquis unlawful and without a RULE 4. ARREST WARRANT OR SUMMONS ON A COMPLAINT this act is to go against the U.S. Code: Title 18 CRIMES AND CRIMINAL PROCEDURE; Marquis here by claim to right for the redress in matters entitled to relief; This conflict (18 U.S. Code§ 2441) - conflict crimes Marquis place before you are within federal subject matter jurisdiction by way of Acts of Congress such as Civil Rights Act of 1866, Sherman Anti-trust Act, the Internal Revenue codes, Titles 15, 18, 26 of the U.S. code. The Marquis decrees Chief MAGISTRATE of Dallas county in TEXAS execute the LAW!

[Doc. 7 at 1, emphasis in original].  The remaining pages contain the same nonsensical allegations, which combine legal and biblical references, "mandatory notice of claimant's right," notice to "court of record," and "claim to right."  [Doc. 7 at 3-6].  Plaintiff then lists nine charges, similar to the ones asserted in the original complaint.  [Doc. 7 at 8-13].

> The *Motion Petition and Request for Relief* states in its entirety as follows:
>
> I am Marquis D Kindricks of the United States of America; This letter is in the matter of 3:14-CV-2961-L-BK; My Master, Lord, God, and father who art in heaven hallow be thy name grace Marquis D Kindricks with life, liberty, and law;
>
> BY decree of the founding Fathers and their principles of the rule of law in the land and Declaration of Independence, constitution of The Untted States of America and Bill of Rights; MARQUIS DESTEPHANIX KINDRICKS with rank so named as of Dec. 12, 1972 so noted within the united states of America; Obligation freely, without any mental reservation or purpose of evasion will well stand under the Declaration of Independence, constitution of the United States of America and Bill of Rights by the principles of the possessor is not justified in using force to thwart the dispossession if he knows, believes, or as a reasonable person should believe, that the claimant has a legitimate claim of right to possession of the property in question.  Since the use of force to protect property is legitimate only if the act/attempted act of dispossession is unlawful, in such cases of a legitimate claim to property, the act of dispossession is lawful by the power of the court to render a judgment; Let there be done by authority of the God, and of the United States, right and reason, and good faith and good conscience, demands in the case; Marquis D Kindricks comes and kneels before the as a servant that has not come in this matter voluntarily but by force; Marquis D Kindricks petition and Marquis D Kind ricks request by the principles of the Fear God and keep his commandments, founding Fathers, Declaration of Independence, the constitution of The United States of America, Bill of Rights, and statutes codes of the united states acts as the eminent domain just compensation and judgment in this matter.

> Marquis D Kindricks Petition the Declaration of Independence, constitution of the United States of America, Bill of Rights, statutes codes of the united states and RENEE HARRIS TOLIVER UNITED STATES MAGISTRATE JUDGE for relief in just compensation.

[Doc. 8 at 1].

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings, including his amended complaint, with all possible deference due a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's claims/assertions are legally and factually frivolous. The original and amended complaints and attachments thereto, as noted above, contain illogical allegations and fantastic or delusional scenarios that are clearly irrational and incredible. *Denton*, 504 U.S. at 33. Because Plaintiff's contentions are clearly baseless, the amended complaint should be dismissed with prejudice as frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  See [Brewster v. Dretke, 587 F.3d 764, 767–68 (5th Cir. 2009)](#) (while generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, . . . [g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"). Here, Plaintiff's claims are fatally infirm.  Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  See [28 U.S.C. § 1915(e)(2)(B)](#).

SIGNED September 29, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE